IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 113-186 |
| | ) | |
| JOSHUA ARTIS WILLIAMS | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On May 2, 2014, the Court, with the agreement of defense counsel and the government, ordered that Defendant undergo a psychiatric examination to determine the competence of Defendant under 18 U.S.C. § 4241. (Doc. no. 11.) Defendant was evaluated by Dr. David Szyhowski whose report the Court received on September 2, 2014. (Doc. no. 16). The Court held an evidentiary hearing on October 16, 2014 under 18 U.S.C. §§ 2241(c), 2247(d) at which the parties stipulated to the admissibility of the psychiatric report. Defendant and Nathan King, Defendant's youth pastor, also testified at the hearing. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant (1) be determined currently incompetent to stand trial and (2) be committed to the custody of the Attorney General via the Bureau of Prisons ("BOP") for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as necessary to determine if Defendant can attain the capacity to permit proceedings to go forward.

**I.    BACKGROUND**

In an information filed on June 25, 2013, Defendant was charged with (1) assault by striking, beating, or wounding; (2) obstruction or hindering law enforcement officers; and (3)

disorderly conduct. As noted above, on May 2, 2014, the Court ordered Defendant to undergo a psychiatric examination and remanded Defendant into the custody of the BOP for the purpose of evaluating his competency to stand trial, as well as his responsibility at the time of the acts alleged in the indictment. Defendant was transferred to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois on June 2, 2013.

Defendant subsequently underwent nearly two months of observation and evaluation in the MCC, and the staff evaluating Defendant submitted a Forensic Evaluation Report ("FER") dated August 26, 2014. (Doc. no. 38, under seal). Evaluators at the MCC received various documents concerning Defendant, including his criminal history, medical and psychological reports, and the BOP's electronic medical record. As part of the evaluation, Defendant underwent psychological testing and clinical interviews by Dr. Szyhowski. Testing procedures employed were the Minnesota Multiphasic Personality Inventory - Second Edition (MMPI-2) and the Evaluation of Competency to Stand Trial-Revised (ECST-R).

## III. DISCUSSION

18 U.S.C. § 4241 provides the standard for determining competency and the consequences for a finding of competency. In pertinent part, the Code section provides:

> **(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). From the Code section, the United States Court of Appeals for the Eleventh Circuit has framed the competency inquiry thus: "The legal test for competency is whether the defendant ha[s] 'sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding' and whether he ha[s] 'a rational as well as factual understanding of the proceedings against him." United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (citing United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986)).  With this standard in mind, the Court turns its attention to the issue at hand.

The Court concludes that Defendant has a mental defect rendering him incapable of understanding the proceedings and effectively consulting with his lawyer. In reaching this conclusion, the Court relies on Dr. Szyhowski's report, which both parties stipulated as being admissible.  Dr. Szyhowski diagnosed Defendant with schizophrenia and found that he demonstrated "poor factual understanding" and "poor rational understanding of the current legal proceedings." (Doc no. 16, pp. 8, 9.)  In his interview with Dr. Szyhowski, Defendant expressed an extremely limited understanding of the roles of the defense attorney, prosecution, judge, and jury and could not identify the party responsible for prosecuting his case. (Id. at 8.)  Defendant also indicated that he believed he would be released from his present indictment and that his attorney would have his state probation discharged so that he could live with his aunt in South Carolina. (Id. at 8.)  When asked about the charges against him, Defendant identified them as obstruction of justice and stated that the possible penalty was two months plus one year of probation. (Id.)

Dr. Szyhowski also concluded that Defendant had a poor grasp on the concept of working cooperatively with an attorney. (Id.)  In particular, Defendant did not think his attorney should focus on defending against his criminal charges but rather expected his attorney to get rid of his probation and enable him to live with his aunt. (Id. at 8-9.)  Dr. Szyhowski also opined that Defendant's volatile behavior and emotional presentment suggested he would have difficulty in

3

working with his attorney; Defendant had been involved in several incidents at MCC including a fight and smearing feces in his cell. (Id. at 6, 9.) As a result of his interview and observations, Dr. Szyhowski concluded that Defendant appears to "suffer from a severe mental disease or defect which negatively impacts his competency related functional abilities . . . he does not appear to possess sufficient competency related functional ability for continuation of criminal proceedings." (Id.)

Although the Court appreciates Nathan King's testimony on behalf of Defendant, the Court finds that Dr. Szyhowski's opinion is controlling. In addition, Defendant's testimony at the hearing did nothing to negate Dr. Szyhowski's opinion and, if anything, only confirmed the observations in the report. Indeed, Defendant's demeanor and appearance, as well as his response to questions, confirm Dr. Szyhowski's opinion that Defendant suffers from a severe mental disease or defect. Given the ample evidence in Dr. Szyhowski's report, the Court **FINDS** by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

## IV. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant (1) be determined currently incompetent to stand trial and (2) be committed to the custody of the Attorney General via the Bureau of Prisons ("BOP") for treatment in a suitable facility for a

reasonable period of time, not to exceed four months, as necessary to determine if Defendant can attain the capacity to permit proceedings to go forward.

SO REPORTED and RECOMMENDED this 23rd day of October, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA